The lessors of the plaintiff are the same persons who were the plaintiffs in the action of trover, Howell v. Howell, ante, 491; *Page 342 
and the same question arose in this case as in that, as to the construction of the deeds of the father to the sons, and of the obligation of the latter to the former; and the same instruction was given to the jury, who found accordingly, and the plaintiff appealed.
It is true that under the statute of uses an estate in the land might be made to arise to the sons at the death of the father; and if it had been so expressed in the deed made by the father, the plaintiffs could not recover. But it is not so expressed, nor can the estate for life to the father be raised at all without connecting the deed and obligation together. Now, whether that ought to be done or not depends upon the necessity for doing so in order to effectuate the intention, or upon its effect in defeating the grant or a part of it. In a case between the same parties this Court held that these instruments could not be incorporated, because that would annual the grant of the chattels conveyed by Howell to his sons. As that is decisive of the intention of the parties that the instruments should not be embodied, but that each should operate per se, it follows that the legal title to the land is in the lessors of the plaintiff and that he ought to recover.
A further objection was raised in the argument here against (497) the action, which is, that the father became, at least, the tenant at will of his sons, and that they ought to have given reasonable notice before this suit. The answer is that, merely as a tenant at will, his right was determined by both the demand of possession by the lessors of the plaintiff and also by his own conveyance in fee before the action brought.
PER CURIAM. Venire de novo.